UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Margaret Parmeter,

    Plaintiff,

v.                                                     Civil No. 14-4485 (JNE/LIB)
                                                     ORDER

David T. Stall,

    Defendant.

---

Edward R. Shaw appeared for Margaret Parmeter.

James R. Bedell, Moss & Barnett, P.A., appeared for David T. Stall.

---

      Margaret Parmeter received a check, deposited it into her account at Proctor Federal Credit Union, and withdrew the funds. The check was fictitious. Parmeter paid the credit union most of the amount of the check. The credit union sued her in state court to recover the remainder. At trial, the credit union and Parmeter agreed to a settlement. The state court entered a judgment according to their settlement.

      A few months after the settlement of the state-court action, Parmeter brought this action against David T. Stall, who represented Proctor Federal Credit Union in the state-court action, for violations of the Fair Debt Collection Practices Act. Parmeter claimed that Stall had violated the Act by sending a letter to her attorney in which Stall stated the credit union was the victim of Parmeter's "greed and foolishness." Parmeter also claimed that Stall had violated the Act by "falsely represent[ing] that [Parmeter] was the issuer of the check in question" and seeking "to recover an amount from [Parmeter] in excess of

1

the amount owing on the check issued by a third party." The case is before the Court on Stall's Motion to Dismiss. For the reasons set forth below, the Court grants the motion.

*Letter*

Stall moved to dismiss Parmeter's claim that he had violated the Fair Debt Collection Practices Act by sending the letter in which he stated the credit union was the victim of Parmeter's "greed and foolishness" for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To the extent the parties submitted matters outside the pleadings, the Court excludes the matters and considers Stall's motion with respect to the letter under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d); *Gorog v. Best Buy Co.*, 760 F.3d 787, 791-92 (8th Cir. 2014); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

Parmeter claimed that Stall's letter to her attorney violated 15 U.S.C. § 1692d (2012),[1] which states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692d continues by providing examples of violations, such as "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." *Id.* § 1692d(2). "[W]hen read in context, subsection (2) was meant to deter offensive language which is at least akin to profanity or obscenity. Such offensive language might encompass name-calling, racial or ethnic slurs, and other derogatory remarks which are similar in their offensiveness to obscene or

---

[1] With the exception of her claim based on § 1692d, Parmeter either voluntarily withdrew or expressly waived her claims that the letter violated the Fair Debt Collection Practices Act.

profane remarks." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985). "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury.  Nevertheless, Congress has indicated its desire for the courts to structure the confines of § 1692d." *Id.* at 1179.

Evaluation of a debt collector's direct communication with a consumer differs from a debt collector's communication with a consumer's attorney:

> The unsophisticated consumer standard applies to FDCPA claims challenging debt collection letters and other communications directly to the consumer.  However, we agree with other circuits that the unsophisticated consumer standard is "inappropriate for judging communications with lawyers."  Rather, "a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable."  As the Second Circuit observed in a non-discovery context, "Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior."

*Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 574 (8th Cir. 2015) (citations omitted).

The following letter from Stall to Parmeter's attorney is the basis of Parmeter's claim under § 1692d:

> You don't seem to understand what it means to be "victimized".  My client was the victim of your clients greed and foolishness.  My client is the one that has taken the ultimate loss and is incurring attorneys fees and court costs all due to your clients conduct.
>
> Your client had ample opportunities to meet her obligations before now.  The fact is she wouldn't be offering to do anything if it weren't for her being sued.

> We will accept reasonable monthly payments but will not delay the litigation. There are no assurances that we wouldn't be in the same situation in the near future if we stopped now.

Stall sent the letter to Parmeter's attorney to reject a settlement offer extended by Parmeter's attorney. Taking issue with her attorney's characterization of Parmeter as a victim, Stall asserted it was Proctor Federal Credit Union that was the victim of Parmeter's "greed and foolishness." Stall's frank response to Parmeter's attorney did not amount to conduct that is actionable under § 1692d. *See Powers*, 776 F.3d at 574; *Jeter*, 760 F.2d at 1178. The Court dismisses Parmeter's § 1692d claim based on the letter.[2]

### *Issuer*

Parmeter claimed that Stall had violated 15 U.S.C. § 1692e (2012), which states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," by "falsely represent[ing] that [Parmeter] was the issuer of the check in question" and seeking "to recover an amount from [Parmeter] in excess of the amount owing on the check issued by a third party." Citing cases issued before *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), Stall asserted the Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine.[3] Without citing any cases, Parmeter argued that the doctrine does not apply. The Court concludes that the *Rooker-Feldman* doctrine applies to this claim. *See*

---

[2] The sole case cited by Parmeter to support the proposition that Stall's letter violated § 1692d involved telephone calls from a debt collector to a consumer's residence. *See Erickson v. Messerli & Kramer, P.A.*, Civil No. 09-3044, 2011 WL 1869044 (D. Minn. May 16, 2011).

[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

4

*Harold v. Steel*, 773 F.3d 884, 886-87 (7th Cir. 2014); *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 604-05 (7th Cir. 2008). The Court dismisses it for lack of subject-matter jurisdiction.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Stall's Motion to Dismiss [Docket No. 10] is GRANTED.

2. Parmeter's claims under § 1692d, § 1692e, and § 1692f based on the letter are DISMISSED WITH PREJUDICE.

3. Parmeter's remaining § 1692e claim is DISMISSED for lack of subject-matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 13, 2015

                                                s/Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge